## In re O.P.M. LEASING SERVICES, INC., Debtor.

James P. HASSETT, as Chapter 11 Trustee of O.P.M. Leasing Services, Inc., Plaintiff-Appellee,

v.

FAR WEST FEDERAL SAVINGS AND LOAN ASSOCIATION, Euramlease, Inc. and Henry L. Bauer, as Trustee for Euramlease, Inc., Defendants-Appellants.

Nos. 84 CIV 5758 (LBS), 81–5670–A.

United States District Court, S.D. New York.

Dec. 4, 1984.

### ORDER

SAND, District Judge.

On appeal from the Decision and Order After Trial of Bankruptcy Judge Burton R.

Lifland, 40 B.R. 380, we find his careful analysis of the complex relationships and documents among the parties to be free from error regardless of the stringency of the standard for review to be utilized by this Court.

The court below found that four categories of payments made by O.P.M. were "gratuities, not legally required, and unsupported by consideration" (Opinion, page 4) and that the fifth group of payments constituted post-petition transfers made in violation of the automatic stay provision. Since we find that the correct legal principles were applied to fully supported findings of fact, we affirm.

At oral argument, appellants placed principal reliance on their contention that the court below erroneously characterized the O.P.M. note as "non-recourse" because, as stated in their brief, "the non-recourse provision itself was completely inoperative due to O.P.M.'s default under the Security Agreement, and thus O.P.M., at any time after such default, could not have established an affirmative defense of 'discharge'. The court below did not address this point." Brief of Defendants-Appellants, p. 44. But as appellees correctly note, "The Euramlease Agreement waived any possible defaults prior to April 1980 and Euramlease's March 1982 proof of claim established, beyond contradiction, that there was never any uncured or unwaived O.P.M. default in respect of the Security Agreement. Thus, Euramlease never had any recourse to O.P.M. ...." Brief of Appellee, James P. Hassett, p. 45.

This contention as well as the other arguments advanced by appellants must be placed in the context of the true relationships among the parties at the time of the actual and purported transactions. These were correctly analyzed and characterized by the court below and we therefore affirm.

SO ORDERED.