In re The **DREXEL BURNHAM LAMBERT GROUP, INC.,** et al., Debtors.

The **DBL LIQUIDATING TRUST,** as successor to debtors, the **Drexel Burnham Lambert Group, Inc.,** and **Drexel Burnham Lambert Incorporated,** Appellant,

v.

**P.T. TIRTAMAS MAJUTAMA** Appellees.

**No. 92 Civ. 5907 (MP).**
**Bankruptcy No. 90 B 10421 (FGC).**

United States District Court,
S.D. New York.

Dec. 21, 1992.

994

Cahill Gordon & Reindel (Susan Buckley, of counsel), New York City, for appellant.

Lasky, Haas, Cohler & Munter (Charles B. Cohler, of counsel), San Francisco, CA, for appellees.

MILTON POLLACK, Senior District Judge:

P.T. Tirtamas Majutama is an Indonesian corporation, which entered into a Letter Agreement on November 29, 1989, with DBL Group, DBL Inc., and Alaska Pacific Paramount, Inc.,[1] to engage in negotiations towards Majutama's contemplated purchase of the securities and debt of Paramount Petroleum Corporation, a California oil refinery.[2] Pursuant to the Letter Agreement, Majutama made on November 30, 1989, a $2 million payment to DBL Group "as a deposit toward the purchase price of the Debt" and was "in consideration for DBL Group's foregoing other opportunities." The Letter Agreement explicitly provided that the earnest money was non-refundable except if the offering materials relating to the refinery (the "Offering Memorandum") were materially false and misleading.

In January 1990, Majutama decided not to proceed with the transaction and requested return of the $2 million, alleging

---

1. Alaska Pacific Paramount is not involved in the present dispute.

2. Majutama was to purchase the debt of the oil refinery from DBL Group and the common stock from DBL Inc. and Alaska Pacific Paramount Inc.

that certain offering documents were materially false and misleading. DBL Group refused to refund, and in June 1990, Majutama filed separate adversary complaints against DBL Group and DBL Inc., both of which were, by this time, in Chapter 11 bankruptcy. Majutama asserted claims for fraud under the federal securities laws as well as state law; and also sought a constructive trust and a declaration that its so-called "debt" would not be dischargeable under the Bankruptcy Code.

The Debtors moved to dismiss the adversary complaints, asserting that, Majutama had failed to state a claim for impressment of a constructive trust as a matter of law and that its other claims should be relegated to the proof of claim process. In the alternative, if the claims were to be considered in adversary proceedings, the securities fraud claims should be dismissed for failure to allege the purchase or sale of any security and all fraud claims should be dismissed for failure to plead fraud with particularity. Majutama opposed consideration of its claims in the proof of claims process on the ground that its constructive trust claim should bring about a review of all its claims in the adversary proceedings at the same time, in the exercise of the Court's discretion.

On November 14, 1990, the day before the bar date for filing proofs of claims against the bankrupt Drexel estate, Majutama filed Proofs of Claim Nos. 7141 and 7142 against DBL Inc. and DBL Group, respectively. The Proofs of Claim merely consisted of proof of claim cover sheets stapled to photocopies of the respective adversary complaints.

At the November 15th hearing the Bankruptcy Judge granted in part the Debtors' motion to dismiss. By orders dated November 21, 1990, Judge Conrad dismissed all claims in Majutama's adversary complaints except the claim for the impressment of a constructive trust against Group which relief was denied. The First and Second Claims for relief, viz., the federal securities and state fraud claims, were dismissed for failure to state a claim on which relief could be granted "as they do not allege the purchase or sale of a security", and for failure to plead fraud with particularity. The Third Claim for Relief was also dismissed as failing to state a claim for declaration of the non-dischargability of a debt. Plaintiff was granted leave to replead the Second Claim for relief (i.e., violating the laws of California against fraud and deceit). That claim was not repleaded by plaintiff.

Ultimately, by order dated January 30, 1992, after extensive discovery on the issue whether Majutama could trace the $2 million payment to a trust res, Judge Conrad ordered summary judgment in favor of Drexel on the adversary complaint against Group for absence of evidence to support a tracing of a trust res, an essential element of a constructive trust claim. This Court affirmed on July 6, 1992. *P.T. Tirtamas Majutama v. The Drexel Burnham Lambert Group*, 142 B.R. 633 (S.D.N.Y.1992). Majutama has appealed the affirmance to the Second Circuit.

In April 1992, Drexel filed an objection to Majutama's Proofs of Claim and moved in the Bankruptcy Court for summary judgment against Majutama and to disallow and expunge the Proofs of Claim in their entirety as nothing more than a refiled copy of the adversary complaint filed against Group and dismissed by the Bankruptcy Court by its orders of November 21, 1990 and January 30, 1992. Judge Conrad denied Drexel's objections and motion and without any evidentiary support ruled that Majutama was to have an allowed claim in the amount of $2 million explaining that the appellee gave this sum to Drexel and never got it back.

On appeal, Drexel contends that the Bankruptcy Court should have rejected the Proofs of Claim as barred by *res judicata* and collateral estoppel, and that, at all events, the Bankruptcy Court erred in allowing a $2 million claim without proof of the basis for a refund and an adjudication of the merits of the claim. Appellant also argues that Proof of Claim No. 7141, against DBL Inc., requesting the same $2 million as Proof of Claim No. 7142, against DBL Group, should have been disallowed

as duplicative. In the Court below Majutama had agreed that the claim was duplicative, but the order submitted to and signed by the Bankruptcy Court failed to so provide.

## DISCUSSION

Drexel contends that the Bankruptcy Courts' failure to find Majutama's Proofs of Claim barred by *res judicata* is reversible error, since they consist merely of cover sheets stapled to adversary complaints, in which all of the claims have been dismissed on the merits in the prior adversary proceeding.

*Res Judicata,* also known as claim preclusion, stands for the general proposition that once a matter is litigated, it should not be relitigated. *See Murphy v. Gallagher,* 761 F.2d 878, 879 (2d Cir.1985) ("Although fair play demands that a party have his day in court, the doctrine of res judicata forecloses a second day."). As the Supreme Court has stated:

> The general rule of *res judicata* applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac,* 94 U.S. 351, 352 [24 L.Ed. 195] (1877). The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

*Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). ▮ The Second Circuit has accordingly held that, under the principle of *Res judicata,* an earlier adjudication precludes a cause of action from being brought in a later litigation if the earlier decision was "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *In re Teltronics Services, Inc.,* 762 F.2d 185, 190 (2d Cir.1985). Furthermore, *res judicata* precludes the relitigation of a claim that could have been brought in a prior suit, whether or not it was actually brought. *See Murphy,* 761 F.2d at 879. *See also In re PCH Associates,* 949 F.2d 585, 593–94 (2d Cir.1991) (res judicata "precludes a litigant from advancing in a new action all claims or defenses that were or could have been raised in a prior proceeding in which the same parties or their privies were involved and that resulted in a judgment on the merits").

Appellant argues that all the requirements of *res judicata* are satisfied with respect to all of the claims presented in Majutama's Proofs of Claim: (1) the Bankruptcy Court has entered final orders dismissing on the merits all causes of action in Majutama's two adversary complaints, (2) in so doing, the Bankruptcy Court acted as a court of competent jurisdiction, (3) the same parties are involved in both the adversary and the proof of claim proceedings, and (4) as the Proofs of Claim consist merely of photocopies of the adversary complaints, the claims alleged are identical in both proceedings.

▮ Majutama does not seriously dispute here, and, in order to foreclose any possible dispute in the future, we now expressly find, that Majutama is barred by *res judicata* from reasserting through the proofs of claim process those claims which were actually litigated and decided against it on the merits by the Bankruptcy Court in the prior adversary proceeding. The Bankruptcy Court's dismissal of the constructive trust claim on summary judgment was clearly a final adjudication on the merits. Majutama is therefore barred from reasserting this claim in its Proofs of Claim. Also, while Majutama insinuated in the proceedings below that the Bankruptcy Court had dismissed its state and federal securi-

ties fraud claims on procedural grounds, i.e., on the grounds that the claims are not properly brought in an adversary proceeding, the record is clear that these claims were dismissed by the Bankruptcy Court under Rule 12(b)(6), on the ground that Majutama had failed to allege the required purchase or sale of securities, or, in the alternative, under Rule 9(b) for failure to plead fraud with particularity. As the Supreme Court has held, a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'" and precludes by *res judicata* a subsequent attempt to reassert the same claim in a proceeding involving the same parties. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 & n. 3, 101 S.Ct. 2424, 2428 & n. 3, 69 L.Ed.2d 103 (1981). *Accord Teltronics Services, Inc. v. L.M. Ericsson Telecommunications*, 642 F.2d 31, 34–35 (2d Cir.1981) ("This court has held that 'judgments under Rule 12(b)(6) are on the merits, with *res judicata* effects....'") (quoting *Exchange National Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130–31 (2d Cir.1976), *cert. denied*, 450 U.S. 978, 101 S.Ct. 1511, 67 L.Ed.2d 813 (1981)). Majutama is therefore barred by *res judicata* from reasserting in its Proofs of Claim the state and federal securities fraud claims.

Majutama, nevertheless, argues that its Proofs of Claim are sufficient to allege a contract claim, based on the Letter Agreement, which was not, and could not have been, brought in the prior adversary proceedings and which is sufficient basis for the Bankruptcy Judge's decision allowing Majutama's full $2 million claim. The Letter Agreement expressly provides that the $2 million earnest money is not refundable except where, among other contingencies not applicable here:

  b. The Confidential Offering Memorandum dated August 1989 relating to [the refinery] (the "Offering Memorandum") is materially false and misleading and [Majutama] determines not to proceed with the transaction on that basis.

Majutama contends that it had determined not to proceed with the purchase transaction when it had discovered during the course of due diligence that the Offering Memorandum had been materially false and misleading, and that it was therefore entitled under the Letter Agreement to a refund of its earnest money.

Three distinct issue are discernible: (1) is the contract claim barred by *res judicata* or collateral estoppel—in particular, could the contract claim have been brought in the adversary proceedings? (2) if not, are the Proofs of Claim sufficient to allege a contract claim where Majutama has contended that the precise same documents, minus a cover sheet, did not allege such a contract claim in the adversary proceeding context? (3) assuming a contract claim is not barred and is properly alleged, is the Bankruptcy Court's decision on this claim supported by the evidence?

*Is Majutama's Contract Claim Barred by Res Judicata or Collateral Estoppel?*

■ Majutama contends that as its contract claim was not, and could not have been adjudicated in the prior adversary proceeding, it is not barred by *res judicata* from asserting this claim in the Proofs of Claim. The record is clear, and Drexel does not seriously dispute, that the contract claim was not actually litigated and adjudicated in the prior adversary proceeding. Drexel argues, however, that the contract claim is nevertheless barred by *res judicata* because it could have been brought in the adversary proceeding.

*Res judicata* precludes not only those claims that were actually adjudicated but also those that could have been adjudicated in a prior proceeding. As the Court of Appeals for the Second Circuit stated:

  [the *res judicata*] bar against later claims based upon the same cause of action is, however, subject to certain limitations, one of which is that it will not be applied if the initial forum did not have the power to award the full measure of relief sought in the later litigation. Where "formal barriers" to asserting a claim existed in the first forum it would be "unfair to preclude [the plaintiff] from a second action in which he can

present those phases of the claim which he was disabled from presenting in the first."

*Davidson v. Capuano,* 792 F.2d 275, 278 (2d Cir.1986) (citations omitted) (quoting Restatement 2d of Judgments § 26(1)(c) comment c (1982)). *See also, Cullen v. Margiotta,* 811 F.2d 698, 732 (2d Cir.) (*res judicata* does not bar a claim over which the first court had not had subject matter jurisdiction), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266 (1987); *Seagoing Uniform Corp. v. Texaco, Inc.,* 705 F.Supp. 918, 920–21 (S.D.N.Y.1989) (same, applying Delaware law on *res judicata* ). The crucial issue here, therefore, is whether, under the Bankruptcy Rules, Majutama's contract claim could have been brought in the prior adversary proceeding.

Bankruptcy rule 7001 sets out nine specific categories of controversies that can and should be commenced as adversary proceedings. A claim for damages arising from pre-petition conduct is not one of those categories. *See In re Johns–Manville Corp.,* 53 B.R. 346, 352–55 (Bankr. S.D.N.Y.1985) ("Bankruptcy Rule 7001 ... contains an exclusive list of matters which are classified as adversary proceedings. The list does not include a category for the recovery of claims against the debtor."). A claim for damages from a breach of the Letter Agreement, therefore, could not have been brought in the prior adversary proceeding, and Majutama's contract claim for Drexel's alleged breach of the Letter Agreement by failing to refund the $2 million is properly brought only through the proof of claim process. This claim is not barred by *res judicata* because it was not, and could not have been, brought in the prior adversary proceeding.[3]

While Majutama's contract claim is not barred *res judicata,* however, since Majutama's recovery under the Letter Agreement is crucially dependent on the factual issue whether the Offering Memorandum was materially false and misleading, Majutama's claim effectively would be barred if that factual issue has already been adjudicated against Majutama in the prior adversary proceeding and if it is barred by collateral estoppel, or issue preclusion, from relitigating that issue in the proof of claim process. Drexel, thus, contends on appeal that since Majutama's allegations of securities fraud have already been adjudicated against it on the merits in the prior adversary proceeding, Majutama is barred by collateral estoppel from reasserting, in the Proofs of Claims, fraud as a basis for recovery under the Letter Agreement.

Collateral estoppel bars relitigation of a "particular issue currently in dispute" that has been "both actually litigated and actually decided." *In re PCH Assocs.,* 949 F.2d at 593. Drexel's argument in this regard fails because the record is clear that the crucial factual issue whether the Offering Memorandum was materially false and misleading has not been actually litigated and was not actually decided against Majutama in the prior adversary proceedings. That the Offering Memorandum is not materially false and misleading is but one of many bases on which an allegation of securities fraud could have been found deficient. The record is clear that the Bankruptcy Court's dismissal of Majutama's securities fraud claims was not based on a determination on this issue, but was rather based on the Bankruptcy Court's finding that Majutama had failed to allege a purchase or sale of securities and that Majutama had failed to plead fraud with particularity because

3. Drexel points out that a similar argument was in fact made in the prior adversary proceeding that Majutama's state and federal securities fraud claims for damages were similarly improperly brought in that adversary proceeding, but that, as discussed above, the Bankruptcy court appears to have reached the merits with respect to these claims. Drexel argues that as jurisdiction is a threshold issue, implicit in the Bankruptcy Court's decision on the merits is its determination that it had jurisdiction to adjudicate these claims in an adversary proceeding.

Drexel contends that there no reason, given this implicit decision, why the Bankruptcy Court could not also have adjudicated the contract claim, and that the contract claim is therefore barred by *res judicata.*

We decline to find as a matter of implication that the Bankruptcy Court's decision to dismiss the securities fraud claims at the pleading stage equates with a decision that the securities fraud claims were properly asserted in the adversary proceedings.

its fraud claims were "not addressed against the Defendant".[4] Collateral estoppel does not apply where the issues are different. *See In re PCH*, 949 F.2d at 593 (an element for the application of collateral estoppel is that "the issues in both proceedings are identical").

While, for the above reasons, Majutama's contract claim is not barred by either *res judicata* or collateral estoppel, the issue remains, however, whether Majutama's Proofs of Claim can be found sufficient to allege a contract claim where Majutama, in an apparent attempt to avoid the effects of *res judicata*, has contended that a virtually identical set of papers, minus cover sheets, did not allege a contract claim in the context of the prior adversary proceeding.

*Are the Proofs of Claim Sufficient to Allege a Contract Claim?*

Majutama's Proofs of Claim, consisting merely of stapled photocopies of its adversary complaints, clearly do not explicitly state a contract claim. Majutama, however, contends that it had proffered the adversary complaints not in order to assert the claims therein but only in order to incorporate the facts alleged therein:

Attaching the adversary complaint was a convenient and appropriate way of being sure that the debtors were fully on notice of the facts upon which [Majutama] asserted its entitlement to recovery.... Thus, it is clear that the facts incorporated by reference in the proofs of claim were facts that could support a contract claim....

(Appellee's Brief at 13–15).

■ Majutama's explanation for its neglect is not compelling.[5] However, proofs of claim are construed, as any other pleading, to allow recovery if the facts set forth provide a basis for recovery. *See, e.g., In re Millerlee Corp.*, 70 B.R. 780 (Bankr. S.D.N.Y.1987) (to save creditor whose mechanics lien had been adjudged in a foreclosure action to have expired the expense of preparing a proof of claim, court deemed the foreclosure summons and complaint to be a proof of claim and deemed the creditor a general unsecured creditor); *In re O.P.M. Leasing Services, Inc.*, 40 B.R. 380, 385 (Bankr.S.D.N.Y.) ("A court may examine a complaint to determine whether it justifies relief 'under any legal theory.'") (quoting *Thompson v. Allstate Insurance Co.*, 476 F.2d 746, 749 (5th Cir.1973)), *aff'd*, 44 B.R. 1023 (S.D.N.Y.1984).[6] Thus, even

---

4. With respect to the Rule 7009 dismissal for failure to plead with particularity, Judge Conrad stated:

> The complaint also fails because it fails to plead fraud with specificity against the Defendants. It has a lot of fraud claims in there, but they are addressed to other people, they are not addressed against the Defendant.

(Tr. of November 15, 1990 Hearing at 43).

5. Majutama's explanation appears to be a post-hoc explanation, conjured up for the purposes of this appeal. In its response to the questionnaire propounded by Debtors' counsel pursuant to the Order of December 21, 1990, Majutama stated:

> A. The claims contained in the Proof of Claim against DBL Inc. are sufficiently described in the Complaint attached to the accompanying Proof of Claim, in which [Majutama] is the only plaintiff and DBL Inc. is the only defendant.
>
> .    .    .    .    .
>
> B. The theories of liability upon which Majutama's claims are based, including a summary of the alleged misrepresentations or omissions which it alleges, are sufficiently de-

scribed in the Complaint attached to the accompanying Proof of Claim.

(Response of P.T. Tirtamas Majutama to Questionnaire at 1). Identical language is found in the Response to Questionnaire with respect to Majutama's proof of claim against Group. In an apparent change of mind and in apparent response to appellant's *res judicata* argument, Majutama now argues that the complaint does not allege any contract claims or theory of liability, but only alleges the facts from which a contract claim may be deduced by the court.

6. As Judge Clark stated in *Gins v. Mauser Plumbing Supply Co.*, 148 F.2d 974, 976 (2d Cir.1945):

> A simple statement in sequence of the events which have transpired, coupled with a direct claim by way of demand for judgment of what the plaintiff expects and hopes to recover, is a measure of clarity and safety; and even the demand for judgment loses its restrictive nature when the parties are at issue, for particular legal theories of counsel yield to the court's duty to grant the relief to which the prevailing party is entitled, whether demanded or not.

though the adversary complaints do not explicitly state a contractual theory of recovery, the Bankruptcy Judge could properly have discerned such a basis for recovery in the Proofs of Claim from the facts alleged therein.[7]

### Is the Bankruptcy Court's Decision Supported by the Evidence?

Even if, as indicated above, Majutama's Proofs of Claim are sufficient for the Bankruptcy Court to have discerned a contract claim and this contract claim is not barred by *res judicata* or collateral estoppel, the Bankruptcy Court must still adjudicate the contract claim on the merits and a decision to allow the claim must be supported by evidence. Drexel contends that the Bankruptcy Court improperly allowed the Proofs of Claim without considering or deciding the merits of the contract claim.

The record shows that the Bankruptcy Court based its decision to allow Majutama's Proofs of Claim and grant an unsecured claim of the full $2 million solely on the basis of the uncontested fact that Majutama paid DBL Group $2 million that it never got back. The Bankruptcy Court stated, in relevant part:

> Counsel, in reference to your motion objecting to their claim, that motion is denied. I think its is clear from the beginning, even from the adversary proceeding that Mr. Majutama [sic] had $2 million, that is that went to Drexel and he never got it back. Whether he had any other theories of recovery, we have ruled

on those, but there is not doubt that he gave Drexel $2 million and his Proof of Claim is allowed for $2 million. Your motion is denied.

. . . . .

> I am going to end this for Mr. Majutama [sic] and also for Drexel. This file just goes on and on and on. I don't think there is any doubt that he gave $2 million to Group. There is no doubt about it. Where else it went, that's another issue, whether there was fraud, et cetera, but it's $2 million, there is a Proof of Claim, allowed, $2 million against Group for Mr. Majutama [sic].

(Tr. of May 28, 1992, Hearing at 206–07).

■ The mere fact that Majutama gave DBL Group $2 million is not in itself adequate grounds for granting Majutama's Proof of Claim. The Bankruptcy Court erred in failing to consider whether Majutama's deposit was refundable under the Letter Agreement. The Letter Agreement explicitly provides that the deposit is nonrefundable absent specified circumstances. The record reveals that there has been no discovery conducted on the issue whether the Offering Memorandum was materially false and misleading and whether Majutama determined not to proceed on that basis.

Majutama contends that the Bankruptcy Court essentially performed an estimation and that its decision allowing the $2 million claim was adequately supported by the evidence. The only evidence Majutama points to are documents in two volumes of exhib-

---

7. Appellant also argues that Majutama is judicially estopped from arguing that not all of its claims were decided in the adversary proceedings, since Majutama itself had argued to the Bankruptcy Court that *all* of its claims should be adjudicated in the adversary proceeding for judicial efficiency reasons. Appellant argues that Bankruptcy Court had decided in Majutama's favor in adjudicating all of Majutama's claims but had ruled against Majutama on the merits.

Judicial estoppel, also known as preclusion against inconsistent positions, "prevent[s] a party who benefits from the assertion of a certain position, from subsequently adopting a contrary position." *Young v. United States Dep't of Justice,* 882 F.2d 633, 639 (2d Cir.1989), *cert. denied,* 493 U.S. 1072, 110 S.Ct. 1116, 107 L.Ed.2d 1023 (1990). *See also Sperling v. United States,*

692 F.2d 223, 228–29 (2d Cir.1982), *cert. denied,* 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366 (1983).

Appellant's argument that Majutama had urged the Bankruptcy Court to decide all of its claims in the adversary proceeding is not supported by the record. Reading the relevant sections of the transcript from the hearing and the memoranda of law, it is apparent that Majutama had only argued that its *securities fraud claims* should be included in the adversary proceedings, because it shared many common issues with its constructive trust claim. See Tr. of November 15, 1990, Hearing at 38–40. This argument should not be the basis for the application of judicial estoppel to bar Majutama from now asserting that it has an additional claim based on contract.

its attached to a Separate Statement of Material Facts, supported by the sworn statement of Majutama's attorney, Kevin C. McCann, all of which were submitted in Majutama's response to Drexel's objection to the Proofs of Claim. According to the sworn statement, the Separate Statement of Material Facts were prepared by restating as statements of fact certain requests for admission that Majutama's attorneys had prepared and propounded in the prior adversary proceeding. The documents in the exhibits were obtained from Majutama's counsel at the time of the oil refinery purchase negotiations, Milbank Tweed Hadley & McCloy, who had obtained them during the course of due diligence.

Majutama's argument is unavailing. The record is clear that no estimation hearing was ever held at which the contract claim was adjudicated or estimated, and Drexel has denied and contested Majutama's Separate Statement of Material Fact.[8] The Bankruptcy Court's decision allowing Majutama's Proofs of Claim without considering or adjudicating the merits of the contract claim is reversible error.

*Majutama's Claim Against DBL Inc., is Duplicative:*

Finally, Drexel contends that Majutama's claim against DBL Inc. duplicates the claim it makes against DBL Group and should be rejected. At the hearing on the Drexel's objections to the claims on May 28, 1992, Judge Conrad stated: "Put your claim into Group ... I don't think there is any doubt that [Majutama] gave $2 million to Group ... there is a Proof of Claim, allowed, $2 million against Group for Mr. Majutama." On June 11, 1992, counsel for Majutama wrote to the Bankruptcy Court that "[A]lthough the Court did not say so expressly,

we have accepted the moving parties' suggestion that the order constitutes a rejection of the Proof of Claim against DBL Inc., in order to avoid duplicative payment." Nevertheless, Majutama prepared a form of order that did *not* reject the proof of claim against DBL Inc. and Judge Conrad signed it.[9]

Majutama does not contest that its claim against DBL Inc. is duplicative and should not be maintained. In its Reply Brief it stated:

> Appellant posits a further issue ... as to whether allowance of Majutama's claim against "Group" ought not have had the further effect of disallowing its claim against "DBL Inc." We read the bankruptcy court's order allowing Majutama's "claim in the amount of $2,000,000 against Group" as having precisely that effect; we do not seek double or duplicative recovery against DBL Inc.; and accordingly, we do not think that this further issue is presented.

(Appellee's Brief at 5 n. 4). Drexel requests that either Majutama specifically and unambiguously withdraw Proof of Claim No. 7141 against DBL Inc., or in the alternative, that this Court order that Proof of Claim No. 7141 be disallowed. This request seems reasonable and does not appear to be contested by Majutama.

Accordingly, the Bankruptcy Court's allowance of Proof of Claim No. 7142 as an unsecured claim for $2 million against DBL Group is vacated and the Claim is remanded to the Bankruptcy Court for appropriate proceedings consistent with the foregoing. The Bankruptcy Court's order denying Drexel's motion to dismiss Majutama's Proof of Claim No. 7141 against DBL Inc.

---

8. In Drexel's Statement in Response to P.T. Tirtamas Majutama's Separate Statement of Material Facts, dated May 27, 1992, Drexel contended that Majutama's Separate Statement of Material Facts were irrelevant to the narrow *res judicata* and *collateral estoppel* issues that it claims were presented in its motions for summary judgment and to dismiss. Drexel also expressly reserved the right to seek discovery on, and to dispute, the alleged facts contained in Majutama's Statement of Material Facts, should Drexel's motions for summary judgment and to dismiss be denied.

9. The Bankruptcy Court's Order provided in relevant part:

> Debtors' motion to estimate Proofs of Claim Nos. 7141 and 7142 is granted in part, the value of such claims being hereby estimated to be $2,000,000.00, and Majutama is hereby determined to be an unsecured general creditor having an allowed claim in the amount of $2,000,000.00 against Group.

as duplicative is reversed, and Proof of Claim No. 7141 is hereby dismissed.