**The CADLE COMPANY, Plaintiff,**

v.

**Deborah Anne DAMADEO, and Nicholas J. Damadeo, Defendants.**

**No. 01–CV–6735 (ADS).**

United States District Court, E.D. New York.

April 15, 2003.

Vlock and Associates P.C., New York City by Stephen Vlock, Esq., for Plaintiff.

Nicholas J. Damadeo, P.C., Smithtown, NY by Nicholas J. Damadeo, Esq., for Defendants.

## ORDER

SPATT, District Judge.

On October 12, 2001, the Cadle Company ("Cadle" or the "plaintiff") filed a complaint against husband and wife Nicholas J. Damadeo ("Nicholas") and Deborah Anne Damadeo ("Deborah") (collectively, the "defendants") pursuant to New York Debtor Creditor Law sections 273 and 276. The complaint alleges that on or about December 3, 1993, Nicholas J. Damadeo, P.C. ("NJDPC"), a professional corporation owned and operated by Nicholas, borrowed the sum of $105,000 from the plaintiff's predecessor-in-interest, the Fleet Bank. At that time, Nicholas executed a guaranty of the obligations of NJDPC. The plaintiff seeks monetary damages based on a fraudulent conveyance, namely, that Nicholas improperly conveyed 14 Loft Road Smithtown, New York 11787 ("the property") to his wife, Deborah, without consideration. As a result of the transfer, the plaintiff contends Nicholas was left insolvent, which fraudulently delayed the collection of a debt owed by NJDPC.

Presently before the Court is the plaintiff's motion pursuant to Disciplinary Rules 5–101, 5–102(A), and DR 5–105 of the New York Code of Professional Responsibility (the "Code") to disqualify Nicholas as attorney for Deborah, his wife and co-defendant. According to the plaintiff, because Nicholas has substantial financial interests in the outcome of the trial, his continued representation of his wife would be inappropriate pursuant to DR 5–101 and DR 5–105. Furthermore, the plaintiff claims that Nicholas will be a material witness in the proceeding and therefore his continued representation of Deborah would be improper pursuant to DR 5–102(A).

It is well established that the Federal Courts are not bound by the New York Code of Professional Responsibility and that the Code is not to be rigidly applied. *See Bottaro v. Hatton Associates,* 680 F.2d 895, 896–97 (2d Cir.1982) (advocating "restrained approach" to attorney disqualification); *International Electronics Corp. v. Flanzer,* 527 F.2d 1288, 1293 (2d Cir.1975); *Renner v. Townsend Financial Services Corp.,* No. 98 CV 926, 2002 WL 1013234, at *6 (S.D.N.Y. May 20, 2002) (quoting *Mercedes v. Blue,* No. 00 CV 9225, 2001 WL 527477, at *1 (S.D.N.Y. May 17, 2001)). In this circuit, motions to disqualify are disfavored because of the delay caused and the infringement on the right of a client to have their choice of counsel. *See Evans v. Artek Sys. Corp.,* 715 F.2d 788, 791–92 (2d Cir.1983) (recounting other reasons why motions to disqualify are disfavored). Thus, the moving party must satisfy the heavy burden of proving facts required to disqualify counsel. *Id.* at 794; *Gov't of India v. Cook Indus., Inc.,* 569 F.2d 737, 739 (2d Cir.1978) (stating that a high standard of proof is required to disqualify

counsel); *Skidmore v. Warburg Dillon Read LLC,* No. 99–10525, 2001 WL 504876, at *2 (S.D.N.Y. May 11, 2001) (noting the policy reasons underlying high standard of proof requirement); *Paretti v. Cavalier Label Co.,* 722 F.Supp. 985, 987 (S.D.N.Y. 1989) (stating "mere speculation will not suffice").

Indeed, the Second Circuit rarely grants disqualification unless: (1) "an attorney's conflict of interests undermines the Court's confidence in the vigor of the attorney's representation of his client", or (2) "the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation." *Rocchigiani v. World Boxing Counsel,* 82 F.Supp.2d 182, 186 (S.D.N.Y. 2000) (quoting *Bd. of Educ. of the City of New York v. Nyquist,* 590 F.2d 1241, 1246 (2d Cir.1979)).

Here, the plaintiff argues that Nicholas' own personal and financial interests in the matter would affect his professional judgment while representing his wife, the codefendant. As such, the plaintiff asserts that Nicholas should be disqualified pursuant to DR 5–101 (22 NYCRR 1200.20) and DR 5–105 (22 NYCRR 1200.24). The Court notes that the policy reason behind this rule is to ensure the integrity and quality of the client's representation. *See e.g., Estate of Re v. Kornstein Veisz & Wexler,* 958 F.Supp. 907, 925–26 (S.D.N.Y. 1997) (noting that even subtle conflicts in interests can diminish quality of attorney work). In this case, the interests of Nicholas as attorney for Deborah and as codefendant with Deborah are identical. The plaintiff provides only conclusory allegations and fails to show how Deborah will suffer inadequate representation due to a conflict with her husband's personal, financial, or business interests. In addition, Deborah has submitted an affidavit certifying that she is fully informed of the situation and has consented. Accordingly, the Court finds no basis for disqualifying Nicholas pursuant to DR 5–101 or DR 5–105.

█ The plaintiff further claims that Nicholas should be disqualified pursuant to the Code prohibition against the advocate as witness. In particular, the plaintiff relies on DR 5–102(A), which provides that:

A lawyer shall not act, or accept employment that contemplates the lawyer's acting, as an advocate on issues of fact before any tribunal if the lawyer knows or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client....

DR 5–102(A). This prohibition applies only when the attorney would be called by his own client. *See Sec. Ins. Co. of Hartford v. Mendon Leasing Corp.,* 2002 WL 31387484 at *1 (S.D.N.Y. Oct. 21, 2002); *A.V. by Versace, Inc. v. Versace,* 160 F.Supp.2d 657, 663 (S.D.N.Y.2001).

"In cases where the lawyer's testimony is highly relevant and solely within her possession, it is apparent that she must be disqualified." *U.S. v. Tate & Lyle North American Sugars, Inc.,* 184 F. Supp 2d 344, 346 (S.D.N.Y.2002) (quoting *Stratavest Ltd. v. Rogers,* 903 F.Supp. 663, 667 (S.D.N.Y.1995)). In determining whether the testimony is necessary, courts consider (1) the significance of the matter; (2) the availability of other evidence; and (3) the weight of the testimony. *See Paretti v. Cavalier Label Co.,* 722 F.Supp. 985, 986 (S.D.N.Y.1989); *Wickes v. Ward,* 706 F.Supp. 290, 292–93 (S.D.N.Y.1989) (stating the test for necessity as "whether the attorney's testimony would be significantly useful to his client").

Nicholas has admitted that he will testify, but states that he will do so only on his own behalf regarding his intent as transferor and the issue of his solvency after the transfer. The Court finds that this

argument is without merit. The defendants have the burden of proving solvency in cases involving the conveyance of property without consideration. *See U.S. v. Red Stripe,* 792 F.Supp. 1338, 1342 (E.D.N.Y.1992); *ACLI Government Securities, Inc. v. Rhoades,* 653 F.Supp. 1388, 1393 (S.D.N.Y.1987), *aff'd,* 842 F.2d 1287 (2d Cir.1988); *In re O.P.M. Leasing Services Inc.,* 40 B.R. 380, 392 (Bankr. S.D.N.Y.1984), *aff'd,* 44 B.R. 1023 (S.D.N.Y.1984), *aff'd,* 769 F.2d 911 (2d Cir. 1985).

Here, the defendants have admitted in their answer that the transfer was made without consideration. Furthermore, Nicholas admits that he will testify because he is the only one with sufficient knowledge of his solvency after the transfer. There is no doubt that Nicholas' testimony regarding his solvency will be made on Deborah's behalf as well as his own. The Court therefore finds that Nicholas' testimony is essential because it is "highly relevant and solely within [his] possession." *U.S. v. Tate & Lyle North American Sugars, Inc.,* 184 F. Supp 2d 344, 346 (S.D.N.Y.2002). Thus, although the Court is not bound by the Code, a violation under these circumstances is serious and requires disqualification. Accordingly, the plaintiff's motion to disqualify Nicholas J. Damadeo as attorney for Deborah Anne Damadeo is **GRANTED.** Furthermore, all proceedings in this action shall be stayed for a period of 30 days from the date of this order so that Deborah Anne Damadeo may retain new counsel.

**SO ORDERED.**