In re John CAMP, Deborah Camp, Debtors.

Bankruptcy No. 93–31109.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

July 7, 1994.

Verne Armstrong, Asst. U.S. Atty., Toledo, OH, for U.S.

Gordon Barry, Toledo, OH, for debtors.

Anthony Disalle, Trustee, Toledo, OH.

OPINION AND ORDER OVERRULING MOTION TO DISMISS FOR LACK OF JURISDICTION, OVERRULING OBJECTION TO PROOF OF CLAIM AND SUSTAINING OBJECTION TO CONFIRMATION

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the United States of America's ("IRS"), on behalf of the Internal Revenue Service, motion to dismiss the chapter 13 case of John and Deborah Camp (the "Debtors") for lack of jurisdiction. The IRS has also objected to confirmation of the Debtors' chapter 13 plan. The Debtors have objected to the IRS' proof of claim. The Court finds that the IRS' motion to dismiss for lack of jurisdiction is not well taken and should be overruled. The Court further finds that the Debtors' objection to the IRS' claim should be overruled. Lastly, the Court finds that the IRS' objection to confirmation is well taken and should be sustained.

## FACTS

### Prior Proceedings in This Court

The Debtors previously filed a petition under chapter 13 in 1987 (the "First Case").

The IRS filed a proof of claim in the First Case (the "First Claim") on October 1, 1987. The First Claim included income taxes, interest and penalties payable to the IRS for tax years 1978, 1979, 1980, 1981. Thereafter, on August 27, 1990, the IRS amended the First Claim to include income taxes and interest payable for tax years 1986, 1987, 1988 and 1989.

The Court dismissed the Debtors' objection to the First Claim on September 13, 1990 for want of prosecution (the "Dismissal").

At a subsequent pretrial conference on the IRS' amended proof of claim in the First Case, the parties stipulated that the Debtors had no objection to the IRS' claim for 1986 or the tax years thereafter. *See* Pretrial Order, dated May 9, 1991, Case No. 87–01802.

The First Case was dismissed on December 30, 1991.

### Prior Proceedings In United States Tax Court

The Debtors and the IRS also stipulated to certain deficiencies in income taxes for the tax years 1978 and 1979 in United States Tax Court decisions entered in March, 1990 and February, 1986, respectively.

### The Instant Bankruptcy Case

The Debtors filed the instant petition under chapter 13 on April 9, 1993 (the "Second Case").

The IRS filed a proof of claim for income taxes, interest and penalties on May 21, 1993 (the "Second Claim") to which the Debtors have filed an objection. The Second Claim encompasses income taxes, interest and penalties for the tax years 1978, 1979, 1980, 1981, 1986, 1987, 1988 and 1989. The Second Claim indicates that the IRS' claim against the Debtors totals $229,397.31.

The Debtors' bankruptcy schedules list total assets of $127,210.00 and total liabilities of $285,228.00, including secured claims of $50,-625.00 and unsecured claims of $234,603.00. The Debtors' have scheduled the Second Claim as a disputed and unliquidated priority claim in the amount of $215,000.00. All claims other than the Second Claim are scheduled as fixed and liquidated.

## DISCUSSION

### The Debtors' Eligibility for Relief Under Chapter 13

Section 109(e) provides, in pertinent part that:

> [o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 ... may be a debtor under chapter 13 of [title 11].

The Court is mindful that "Chapter 13 eligibility should normally be determined by the debtor's schedules checking only to see if the schedules were made in good faith". *Comprehensive Accounting Corp. v. Pearson (In re Pearson)*, 773 F.2d 751, 757 (6th Cir. 1985). In light of the fact that a review of the Debtors' bankruptcy schedules does not

indicate that the Debtors' have listed the IRS' claim as contingent and disputed in bad faith, the IRS' motion to dismiss the Debtors' bankruptcy case for lack of jurisdiction is not well taken.

**The Debtors' Objection to the IRS' Claim**

The Debtors' objection to the Second Claim is not well taken and should be overruled.

■ The parties litigated tax years 1978, 1979, 1980 and 1981 in the Debtors' objection to the First Claim. The Dismissal constituted an adjudication on the merits. *See* Fed. R.Bankr.P. 7041(b) ("[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits"); *c.f.* Fed. R.Bankr.P. 9014 (Fed.R.Bankr.P. 7041 applies to contested matters "unless the court otherwise directs"). Thus, principles of res judicata prevent relitigation of tax years 1978, 1979, 1980 and 1981. *See DBL Liquidating Trust v. P.T. Tirtamas Majutama (In re Drexel Burnham Lambert Group, Inc.)*, 148 B.R. 993, 996–97 (S.D.N.Y.1992) (creditor barred from reasserting through proof of claim process claims which had previously been resolved against creditor in adversary proceeding under Federal Rules 56 and 12(b)(6)).

■ Additionally, 11 U.S.C. § 505(a)(2)(A) prevents this Court from relitigating the Debtors' tax liability for 1978 and 1979 which was previously determined in the United States Tax Court. 11 U.S.C. § 505(a)(2); *see also Internal Revenue Service v. Teal (In re Teal)*, 16 F.3d 619 (5th Cir.1994) (bankruptcy court lacked jurisdiction to entertain claims regarding debtor's tax liabilities for which prepetition agreed order was entered in Tax Court); *City Vending of Muskogee, Inc. v. Oklahoma Tax Com'n*, 898 F.2d 122 (10th Cir.1990) (§ 505(a)(2) precluded review of Oklahoma tax assessments on debtors' sales of cigarettes), *cert. denied*, 498 U.S. 823, 111 S.Ct. 75, 112 L.Ed.2d 48 (1990); *Cluck v. United States (In re Cluck)*, 165 B.R. 1005 (W.D.Tex.1993) (debtor was collaterally estopped from relitigating value of property which he inherited from parent because of stipulation entered into in Tax Court), *aff'd*,

20 F.3d 1170 (5th Cir.1994); *Marcellus Wood & Trucking, Inc. v. Michigan Employment Security Com'n (In re Marcellus Wood & Trucking, Inc.)*, 158 B.R. 650 (Bankr. W.D.Mich.1993) (court lacked jurisdiction over debtor's adversary proceeding against Michigan Employment Security Commission requesting determination of debtor's tax liability which had previously been both "contested" and "adjudicated"); *In re Washington Manuf. Co.*, 120 B.R. 918 (Bankr. M.D.Tenn.1990) (prepetition tax liability could not be contested where county board of equalization had denied debtor's prepetition request for lower appraised value of real property for tax purposes).

■ Moreover, the Debtors stipulated that they had no objection to the IRS' claim with respect to tax years 1986, 1987, 1988 and 1989 in a pretrial conference during the pendency of the First Case. *See* Pretrial Order dated May 9, 1991 (wherein the Court noted the parties' stipulation that the Debtors had "no objection to 1986 taxes or subsequent years thereto"). The Court finds that judicial notice of the contents of this Court's prior pretrial order is appropriate. *See In re Snider Farms, Inc.*, 125 B.R. 993, 995 (Bankr.N.D.Ind.1991) (taking judicial notice of contents of court order). The Court further finds that this stipulation represents a binding judicial admission. *See In re Menell*, 160 B.R. 524, 525 n. 3 (Bankr.D.N.J.1993) (concession or stipulation by counsel in open court is a binding judicial admission) (citation omitted); *Kreidle v. Dept. of Treasury, Internal Revenue Service*, 145 B.R. 1007, 1015 (Bankr.D.Colo.1992) ("[a] stipulation by counsel in open court is a judicial admission and counsel is precluded from taking a contrary position on the issue") (citation omitted); *In re Sanglier*, 124 B.R. 511, 513 n. 3 (Bankr. E.D.Mich.1991) (concession or stipulation by counsel in open court represents judicial admission); *see also Continental Airlines, Inc. v. Chrysler (In re Continental Airlines, Inc.)*, 133 B.R. 585, 587 (Bankr.D.Del.1991) (answer by debtor in prior proceeding represented admission that debtor was insolvent).

■ Lastly, even if it is assumed arguendo that relitigation of the Second Claim is not barred by the Dismissal and the Debtors'

judicial admission in the First Case, the Debtors have not provided sufficient admissable evidence to rebut the prima facie validity of the Second Claim. *See* Fed.R.Bankr.P. 3001(f) ("[a] proof of claim ... shall constitute prima facie evidence of the validity and amount of the claim"); *see also Juniper Dev. Group v. Kahn (In re Hemingway Transport, Inc.),* 993 F.2d 915, 925 (1st Cir.1993) (stating that "[t]he interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence") (citation omitted); *Wright v. Holm (In re Holm),* 931 F.2d 620 (9th Cir.1991) (debtor who adduced no evidence in support of objection to proof of claim failed to overcome prima facie validity of proof of claim); *In re Horkins,* 153 B.R. 793 (Bankr.M.D.Tenn.1992) (granting creditor's motion for summary judgment on debtor's objection to proof of claim based upon purported foreclosure sale irregularities where debtor's claims of foreclosure sale irregularities were unsupported by the facts). The Debtors have also failed to provide the Court with any authority in support of their argument that certain tax years were improperly assessed.

### The IRS' Objection to Confirmation

The IRS objection to confirmation of the Debtors' plan is well taken and should be sustained. Significantly, in view of the foregoing analysis, the Court cannot conclude that the Debtors "will be able to make all payments under the plan and to comply with the plan" as required by § 1325(a)(6). Moreover, the Debtors' plan does not comply with § 1322(a)(2).

In light of the foregoing, it is therefore

ORDERED that the IRS' motion to dismiss for lack of jurisdiction be, and it hereby is, overruled. It is further

ORDERED that the Debtors' objection to the IRS' proof of claim be, and it hereby is, overruled. It is further

ORDERED that the IRS' objection to confirmation be, and it hereby is, sustained. It is further

ORDERED that the Debtors be, and they hereby are, granted ten days from the date of this Order in which to convert their bankruptcy case to a case under chapter 7; failure to convert will result in dismissal without further notice or hearing.