**In re Dale P. SODERLUND and Judith A. Soderlund, Debtors.**

**Dale P. Soderlund and Judith A. Soderlund, Appellants,**

v.

**Amrane Cohen, Chapter 13 Trustee, Appellee.**

**BAP No. CC–98–1307–RaBK. Bankruptcy No. SA 97–27211 LR.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Dec. 3, 1998.

Decided June 28, 1999.

Mark R. Campbell, Haberbush & Campbell, LLP, Long Beach, CA, for Dale and Judith Soderlund.

Misty Perry Isaacson, Orange, CA, for Amrane Cohen, trustee.

Before: RADCLIFFE [1], BRANDT & KLEIN, Bankruptcy Judges.

## OPINION

RADCLIFFE, Bankruptcy Judge.

Appellants (debtors), Dale P. Soderlund and Judith A. Soderlund, appeal from an order converting this case from Chapter 13 to Chapter 7 based upon the bankruptcy court's conclusion that the debtors were ineligible to be debtors under Chapter 13 of the Bankruptcy Code. For the reasons that follow, we AFFIRM.

## I.

## FACTS

Debtors filed their Chapter 13 petition on October 27, 1997 as a skeletal filing. The debtors filed three versions of their schedules. First, they scheduled various forms of unsecured debt totaling about $500,000, none of which was designated as contingent or unliquidated. They amended twice to reduce noncontingent or.liquidated debt to less than $30,000.

The reductions were accomplished by recharacterizing judgment lien debt, adjusting values of over-encumbered property, and redesignating various debts as contingent or unliquidated.

Proofs of claim asserting general, unsecured debts as to which no objection had been made as of the time of the confirmation hearing included four that exceeded $400,000.

At the confirmation hearing, the bankruptcy judge examined the conflicting schedules, explicitly considered the four uncontested proofs of claim exceeding $400,000, and considered the statements in the plans that indicated unsecured claims would exceed $300,000.

The court concluded that the debtor's noncontingent, liquidated, unsecured debts as of the time of the filing of the petition exceeded the statutory limit of $250,000 and ordered the case converted to chapter 7. This appeal ensued. On debtors' unopposed motion, the conversion order has been stayed pending this appeal, provided debtors comply with certain payment conditions.

## II.

## ISSUE

Whether the bankruptcy court correctly computed the debtors' unsecured debts in concluding that the debtors were ineligible for Chapter 13 relief pursuant to § 109(e).[2]

## III.

## STANDARD OF REVIEW

Questions of statutory interpretation, including the question of whether a debt is

---

1. Hon. Albert E. Radcliffe, Bankruptcy Judge for the District of Oregon, sitting by designation.

2. Unless otherwise specified, all statutory references are to the Bankruptcy Code, Title 11 of the United States Code.

liquidated or contingent is a matter of law reviewed *de novo. In ·re Nicholes,* 184 B.R. 82 (9th Cir. BAP 1995).

Whether the arithmetic sum of such debts exceeds $250,000 is a question of fact that is reviewed for clear error. *Id.*

## IV.

## DISCUSSION

Section 109(e) sets out the requirements for Chapter 13 eligibility. At the time this case was filed it provided:

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000 may be a debtor under chapter 13 of this title.[3]

### A. Evidence Used in Making § 109(e) Determination:

### 1. *Proofs of Claim*

First, debtors maintain that it was error to consider the filed proofs of unsecured claim that totaled more than $400,000, which claims were deemed allowed because no objection had been filed. They argue that a § 109(e) eligibility inquiry should be restricted to a review of the debtors' schedules filed in good faith.

■ We have held that a bankruptcy court may look past the schedules to other evidence submitted when a good faith objection to the debtor's eligibility under § 109(e) is raised. *In re Scovis,* 231 B.R. 336 (9th Cir. BAP 1999); *In re Quintana,* 107 B.R. 234, 239 n. 6 (9th Cir. BAP 1989),

*aff'd,* 915 F.2d 513 (9th Cir.1990); *In re Sylvester,* 19 B.R. 671 (9th Cir. BAP 1982); *accord, In re Williams Land Co.,* 91 B.R. 923 (Bankr.D.Or.1988).

We acknowledge that there is contrary authority in other circuits. *In re Pearson,* 773 F.2d 751 (6th Cir.1985); *In re Camp,* 170 B.R. 610 (Bankr.N.D.Ohio 1994); *In re Robertson,* 84 B.R. 109 (Bankr.S.D.Ohio ·1988). Nevertheless, we see no reason to depart from our established precedent.

Accordingly, we conclude that the bankruptcy court did not err in looking beyond the debtors' schedules to the allowed unsecured claims that were on file.

### 2. *Statements contained in the Chapter 13 Plan*

The debtors contend that the bankruptcy court committed error by relying, at least in part, on the plan's characterization of unsecured debt.

■ Clearly, the statements contained in the debtor's proposed Chapter 13 plan regarding the characterization of unsecured debt is admissible evidence under FRE 801. Accordingly, the bankruptcy court did not err in considering the statements made in the debtors' proposed plan as part of the evidence in its § 109(e) calculations.

### B. Inclusion of Unsecured Portion of Undersecured Claims:

The bankruptcy court counted the unsecured portion ($153,359) of a partially secured claim and all of another claim ($79,000) that had been liquidated in a judgment but which was listed on the debtor's schedules as being totally unsecured. Debtors argue that counting the unsecured portion of secured debt, as unsecured debt, for § 109(e) eligibility purposes, was in error.

The overwhelming majority of courts, including every circuit that has considered

---

**3.** Pursuant to § 104(b), the dollar amounts were adjusted to $269,250 and $807,750 re-

spectively for cases filed on or after April 1, 1998.

the question, have concluded that the undersecured portion of a secured creditor's claim should be counted as unsecured debt for § 109(e) purposes. *Matter of Day*, 747 F.2d 405 (7th Cir.1984); *Miller v. U.S.*, 907 F.2d 80 (8th Cir.1990); *Brown & Co. Securities Corp. v. Balbus, (In re Balbus)*, 933 F.2d 246 (4th Cir.1991). This is impressive authority.

The majority view advocates importing a § 506(a)[4] analysis to § 109(e) to define "secured" and "unsecured". This prevents raising form over substance and manipulation of the debt limits. Refusing to count the undersecured portion of a secured creditor's claim as unsecured debt ignores reality and could lead to absurd results.

Nevertheless, debtors urge this panel to adopt the minority view, which rejects a § 506(a) analysis. Its rationale is set out in *In re Morton*, 43 B.R. 215 (Bankr. E.D.N.Y.1984) and *In re Edmonston*, 99 B.R. 993 (Bankr.E.D.Cal.1988) *aff'd on other grounds*, 99 B.R. 995 (E.D.Cal.1989). This view maintains that § 506(a) only applies to allowed claims. A claim is only deemed allowed if it has been filed and has not been objected to by any party in interest or if it has been judicially determined after an objection has been interposed. *Morton, supra*, at 220 (citing § 502). Thus, if a § 109(e) determination required bifurcation, such a determination could only be made after all claims are filed and all objections thereto had been resolved. It would be anamolous (sic) to believe that Congress intended that a determination of whether a debtor was eligible for chapter 13 would have to be delayed until the case has substantially progressed.... The focus of section 109(e) is of *debts* existing at the time of the filing while the focus of section 506(a) is of *claims* existing and *allowed* well beyond the filing date.

*Id.*

Yet, the majority view concludes that, if the schedules themselves reveal undersecured claims (as is the case here):

[I]t is an overly technical reading of § 506(a) and its impact upon a case to ignore the obvious bifurcation which will occur if the claims are filed as scheduled and the debtor's valuation of the liened property is unchallenged. Instead, this Court finds that the claims process is to be assumed, given the debtor's schedules of values and liabilities, absent a showing of bad faith. To do otherwise is to ignore obvious realities.

*In re McClaskie*, 92 B.R. 285, 287 (Bankr. S.D.Ohio 1988).

■ While Chapter 13, in general, is the Congressional alternative of choice for small, sole proprietorships, as maintained by the debtors, many courts, including this Circuit, have noted that eligibility debt limits should be strictly construed. *See, Quintana, supra* (Chapter 12 debt limits should be strictly construed); *Lucoski v. I.R.S.*, 126 B.R. 332 (S.D.Ind.1991); *In re Cronkleton*, 18 B.R. 792 (Bankr.S.D.Ohio 1982); *In re Prince*, 5 B.R. 432 (Bankr. W.D.N.Y.1980).

■ We have recently signaled in dicta our view that the majority position is correct. *In re Scovis*, 231 B.R. 336, 341 (9th Cir. BAP 1999). We now expressly join the three circuits, and the overwhelming majority of bankruptcy courts, that have

4. Section 506(a) uses the term "claim". It provides:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

considered the question and hold that the undersecured portion of a secured creditor's claim is counted as unsecured debt for § 109(e) eligibility purposes. We expressly reject the contrary minority view[5].

## V.

## CONCLUSION

We conclude that the bankruptcy court did not commit clear error in its § 109(e) calculations and its conclusion that the debtors were ineligible to proceed in Chapter 13. Accordingly, we AFFIRM the bankruptcy court's order entered on April 14, 1998, converting this case to a case under Chapter 7 of the Bankruptcy Code. The stay pending appeal should be terminated.

---

5. We note that a different question might be presented if the debts in question were entitled to the protection afforded by § 1322(b)(2), i.e., claims secured only by a security interest in real property that is the debtor's principal residence. *See Nobelman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993) and *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). Here, the debts are not entitled to such protection, accordingly, we do not attempt to resolve this issue.