**In re Robert W. BROWN, Anne M. Brown, Debtors.**

**No. 603–62645–fra13.**

United States Bankruptcy Court, D. Oregon.

Aug. 13, 2003.

Kelley A. Blaine, Special Assistant U.S. Atty, Portland, OR, for IRS, Creditor.

Judson Carusone, Eugene, OR, for Anne M. Brown, Robert W. Brown, Debtors.

## MEMORANDUM OPINION

FRANK R. ALLEY, III, Bankruptcy Judge.

Debtors filed their petition for relief under Chapter 13 of the Bankruptcy Code on April 7, 2003. MorEquity Inc., a creditor, the United States, on behalf of the Internal Revenue Service, and the Trustee object to confirmation on various grounds, including feasibility and eligibility. Because the court finds that the Debtors are ineligible under Chapter 13, confirmation of the Debtors' proposed plan will be denied, and the case dismissed unless the Debtors elect to convert the case to one under either Chapter 7 or 11 of the Bankruptcy Code.

## FACTS

Debtor Robert W. Brown is the owner and president of Brown Masonry, Inc., an Oregon corporation. Brown Masonry, Inc. is presently a debtor-in-possession in a Chapter 11 case before this court.

During the course of its business operations, Brown Masonry withheld from its employees taxes owed by the employees to the United States. Instead of remitting the withheld funds to the Treasury, the corporation, under Robert Brown's direction, expended the funds for other purposes. It is not disputed that, at the time in question, the money was withheld, that Mr Brown was acting as president of the company, and that the amounts withheld were identified and reported to the Treasury. All these events occurred prior to the Debtors' petition for relief in this case.

The government now contends that Robert Brown is subject to a penalty equal to 100% of the monies withheld by the corporation from its employees. If this is so, then the unsecured debt owed by the Debtors exceeds the jurisdictional limits for Chapter 13 cases.

Debtors, on the other hand, argue that the debt is not owed or, alternatively, that it is unliquidated and contingent, because the expected final reorganization of the corporation will provide for payment of the government's claim.

## DISCUSSION

The Bankruptcy Code, at 11 USC section 109(e) provides that:

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated unsecured debts of less that $290,525.00 . . . may be a debtor under Chapter 13 of this title.

The limits created by § 109 are jurisdictional. In determining the amounts, a bankruptcy court may look past the schedules to other evidence submitted, including proofs of claim filed in the case, when an objection to the debtor's eligibility under § 109(e) is raised. *In re Soderlund*, 236 B.R. 271, 273 (9th Cir. BAP 1999)(internal citations omitted).

The Internal Revenue Code, at 26 USC § 6672, provides:

(a) General rule—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any matter to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over . . . .

(b) Preliminary notice requirement—

(1) In general: No penalty shall be imposed under subsection (a) unless the secretary notifies the taxpayer in writing by mail... or in person that the taxpayer shall be subject to an assessment of such penalty.

(2) Timing of notice—The mailing of the notice described in paragraph (1) (or, in the case of such a notice delivered in person, such delivery) shall precede any notice and demand of any penalty under subsection (a) by at least 60 days.

The Debtors contend that they are not subject to the penalty described in IRC § 6672, and that, even if they are, the claim is contingent and unliquidated, and should not be included in determining their eligibility under Bankruptcy Code § 109. The court disagrees on all counts.

### 1. Applicability of penalty tax.

■ The Debtor's corporation withheld payroll and income taxes from it's employees. When the time came to remit these withheld taxes to the government, Debtor instead filed the appropriate forms acknowledging the amount withheld, but did not pay the money over. Debtors now argue that acknowledgment that the withholding took place satisfies § 6672's requirement that the employer "account for and pay over" the withheld tax.

It is clear from the purpose and structure of IRC § 6672 that the penalty will apply if the money is not actually paid over. The section imposes the penalty on an employer who has "not accounted for *and* paid over" the tax: this is far different from the Debtors' interpretation, which essentially rewrites the Code to say "not accounted for *or* paid over." To interpret this section to allow the management of a company to escape liability merely by admitting that it appropriated the funds without paying them over would render the statute useless.

### 2. Preliminary notice.

■ Debtors argue that the second of two preliminary notices is invalid since it was delivered after this bankruptcy case was commenced, and therefore in violation of the automatic stay. 11 USC § 362. Code § 362(b)(9), which excludes certain acts from the operation of the automatic stay, includes "the issuance to the debtor by a governmental unit of a notice of tax deficiency," (Section 362(b)(9)(B)) and "the making of an assessment for any tax and issuance of a notice and demand for payment for such an assessment...." (§ 362(b)(9)(D)). The court therefore finds that the notice required by the Internal Revenue Code falls within the scope of Bankruptcy Code § 362(b)(9), and that the notices are not prohibited by the automatic stay.

### 3. Contingent.

■■ Debtors believe the tax penalty claim is contingent because the company, which is primarily liable for the tax claimed, intends to pay the debt through its Chapter 11 case. A debt is noncontingent if all events giving rise to liability occurred prior to the filing of the bankruptcy petition. *In re Nicholes,* 184 B.R. 82, 88 (9th Cir. BAP 1995)(citing *In re Fostvedt,* 823 F.2d 305, 306 (9th Cir.1987)). Viewing the circumstances as of the date of the petition, the precursor to liability, namely withholding by a corporation controlled by the Debtor without remission to the government, had already occurred. The fact that a third party might relieve the Debtors of liability by paying the tax at some future date does not reduce or limit their liability as of the date of the petition. *See In re Nicholes* 184 B.R. at 88 ("liability on contract [the type of debt at issue in *Nicholes*] is 'noncontingent' once contract is made, *even if liability is subject to being avoided by some later occur-*

*rence.")* (citing *In re Albano,* 55 B.R. 363, 366–67 (N.D.Ill.1985)(italics added)).

#### 4. Unliquidated.

 A debt is liquidated if it is capable of easy calculation without the need for an extensive hearing. *In re Slack,* 187 F.3d 1070 (9th Cir.1999). The amount of the debt in this case is not subject to any serious dispute: The Debtors and Smith Masonry have already acknowledged the amount withheld from the paychecks. Even if they were to dispute this, the amount withheld would be easily ascertained by referring to the corporation's payroll records. The claim is liquidated.

### CONCLUSION

The Internal Revenue Service has a liquidated and non-contingent claim against Debtor Robert Brown in the sum of $201,945.79. When combined with other debts disclosed by schedules and the proofs of claim, the total of the noncontingent liquidated unsecured debts owed by the Debtors exceeds $290,525.00.

Confirmation of Debtors' proposed plan of reorganization will be denied, and the Debtors given 14 days from the date of the order to elect to convert the case to one under Chapter 7 or Chapter 11. In the absence of such election, the case will be dismissed without further notice.

The foregoing constitutes the court's findings of fact and conclusions of law, which will not be separately stated.