**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**OF THE NINTH CIRCUIT**

In re:                               )        BAP No. CC-16-1228-LKuF
                                     )        BAP No. CC-16-1244-LKuF
ALELI A. HERNANDEZ,                  )        (consolidated appeals)
                                     )
                Debtor.              )        Bk. No. 8:15-bk-10563-TA
_____)
                                     )
ASSET MANAGEMENT HOLDINGS,           )
LLC,                                 )
                                     )
                Appellant,           )
                                     )
v.                                   )        **M E M O R A N D U M**[*]
                                     )
ALELI A. HERNANDEZ,                  )
                                     )
                Appellee.            )
_____)

Argued and Submitted on March 23, 2017
at Pasadena, California

Filed - April 11, 2017

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Theodor C. Albert, Bankruptcy Judge, Presiding

_____

Appearances:    Vanessa M. Haberbush of Haberbush & Associates LLP
                argued for Appellant Asset Management Holdings,
                LLC; Gregory M. Salvato of Salvato Law Offices
                argued for Appellee Aleli A. Hernandez.

_____

Before: LAFFERTY, KURTZ, and FARIS, Bankruptcy Judges.

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

Debtor filed a chapter 7[2] case in 2010 and obtained a discharge, including a discharge of her personal liability on two debts secured by deeds of trust against her residence. More than four years later, Debtor filed a subsequent chapter 13 case. On her schedules, Debtor listed her residence and the two debts secured by that residence. Because the amount of the senior lien exceeded the value of the residence, Debtor indicated her intent to avoid the junior lien held by Appellant's predecessor-in-interest pursuant to § 506(a). She listed the debt to the junior lienholder on Schedule D as a secured debt of $0, and again on Schedule F as an unsecured debt of $278,396.71.

Appellant Asset Management Holdings, LLC ("AMH") objected to confirmation for lack of good faith and moved to dismiss the chapter 13 case on eligibility grounds. The bankruptcy court ruled that Debtor's debts did not place her over the eligibility limits because the debt to AMH did not need to be included in the eligibility calculation. The court found that the debt should not be treated as secured because the lien was avoidable under § 506(a), nor should it be treated as unsecured because Debtor's personal liability on the debt had been discharged in her prior chapter 7 case. The bankruptcy court also found that the plan was filed in good faith. Accordingly, the court denied the motion to dismiss and confirmed the plan, and AMH appealed.

We AFFIRM.

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

-2-

**FACTS**

Aleli Hernandez obtained a discharge in an individual chapter 7 case filed in April 2010. Among the debts listed in the chapter 7 case were two debts secured by deeds of trust against Debtor's residence in Mission Viejo, California (the "Mission Viejo Property").

Nearly five years later, on February 5, 2015, Debtor filed the instant chapter 13 case. On Schedule A, Debtor listed the Mission Viejo Property with a value of $950,000; on Schedule D, she again listed two deeds of trust against the residence, a first deed of trust in favor of "Chase" in the amount of $1,036,490.00 and a second deed of trust in favor of SW Linear Investment Group, LLC ("SW Linear") in the amount of $0, with the notation "Motion to Avoid Lien to be filed." Debtor also listed SW Linear on Schedule F with an unsecured debt of $278,396.71, again with the notation "Motion to Avoid Lien to be filed." Debtor filed a proposed chapter 13 plan on February 19, 2015. AMH filed a proof of claim for $459,221.60 on June 15, 2015.

On May 22, 2015, Debtor filed a motion under § 506 to value SW Linear's lien at $0.[3] On June 3, 2015, before the lien valuation matter was heard, SW Linear and AMH[4] filed a motion to

---

[3] Debtor's motion was entitled "Motion to Avoid Junior Lien on Principal Residence [11 U.S.C. § 506(d)]." However, because avoidance will not occur until Debtor completes her plan, we refer to such a motion as a "motion to value lien at zero."

[4] According to pleadings filed in the bankruptcy court, AMH is an "affiliate of and successor in interest to SW Linear Investment Group, LLC." Pleadings in the bankruptcy court were initially filed jointly by SW Linear and AMH. Beginning in
(continued...)

-3-

dismiss Debtor's chapter 13 case on the ground that Debtor's debts exceeded the limits established by § 109(e). SW Linear/AMH argued that if its lien were valued at zero, it would have an unsecured claim of $459,221.60; thus, Debtor's unsecured debts would exceed the $383,175 limit under § 109(e). Alternatively, SW Linear/AMH argued that if its lien were not valued at zero, Debtor's secured debts would total $1,494,734.97 ($1,035,513.37 + $459,221.60), thus exceeding the secured debt limit of $1,149,525.

Over the next year, beginning on June 17, 2015, the bankruptcy court held five hearings on plan confirmation and the motion to dismiss. During that time the parties submitted two more rounds of briefs on the eligibility issue. In the meantime, at the July 8, 2015 hearing, the bankruptcy court granted Debtor's motion to value her residence for purposes of valuing SW Linear's junior lien at zero.

On August 18, 2015, AMH filed a Second Amended Objection to Confirmation, arguing that Debtor's plan was not filed in good faith because it was filed primarily to avoid AMH's lien and prevent foreclosure. AMH also asserted that Debtor and her husband had "engaged in a lengthy 5 year succession of serial and individual filings to prevent foreclosure of the [Mission Viejo Property]," citing Debtor's 2010 chapter 7 filing, her husband's 2012 chapter 7 filing, and the instant chapter 13.

---

[4](...continued)
August 2015, AMH began filing pleadings solely in its own name.

-4-

At the final hearing on confirmation and on the motion to dismiss held June 15, 2016, the bankruptcy court denied AMH's motion to dismiss, overruled AMH's objection to confirmation, and confirmed Debtor's plan.  AMH timely appealed both orders.[5]

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (L).  We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err in denying AMH's motion to dismiss Debtor's chapter 13 case on eligibility grounds?

Did the bankruptcy court err in overruling AMH's objection to confirmation?

## STANDARDS OF REVIEW

Eligibility determinations under § 109 involve issues of statutory construction and conclusions of law, including interpretation of the Bankruptcy Code, which we review de novo. Smith v. Rojas (In re Smith), 435 B.R. 637, 642 (9th Cir. BAP 2010).

The bankruptcy court's determination regarding a debtor's good faith in proposing a chapter 13 plan for confirmation is a factual finding that we review for clear error.  Meyer v. Lepe (In re Lepe), 470 B.R. 851, 855 (9th Cir. BAP 2012).

---

[5]  The appeals were consolidated by order of a BAP motions judge on September 19, 2016.

**DISCUSSION**

**A.  The bankruptcy court did not err in denying AMH's motion to dismiss on eligibility grounds.**

Under the version of § 109(e) in effect when Debtor filed her chapter 13 petition, eligibility for chapter 13 was limited to individuals with regular income who owed, as of the petition date, "noncontingent, liquidated, unsecured debts of less than $383,175 and noncontingent, liquidated, secured debts of less than $1,149,525." Eligibility debt limits are strictly construed. Soderlund v. Cohen (In re Soderlund), 236 B.R. 271, 274 (9th Cir. BAP 1999).

Eligibility is ordinarily determined by examining the debtor's originally filed schedules, checking only to see if those schedules were made in good faith. Henrichsen v. Scovis (In re Scovis), 249 F.3d 975, 982 (9th Cir. 2001). At the same time, the bankruptcy court need not take a mechanical approach to determining eligibility by ignoring readily ascertainable circumstances, such as where a lien is clearly undersecured. See id. at 983 ("By merely looking at the value of Debtors' residence, the first deed [of] trust, and the judgment lien, it is clear that [creditor's] judgment lien is undersecured to a significant extent."). The unsecured portion of undersecured debt is ordinarily counted as unsecured for § 109(e) eligibility purposes. Id.; In re Smith, 435 B.R. at 647-48.

The question presented in this appeal is whether the debt owed to AMH should be counted at all in determining Debtor's eligibility for chapter 13. The bankruptcy court concluded that it should not. The court ruled that the debt should not be

-6-

counted as a secured debt because AMH's lien was wholly unsecured on the petition date and thus was subject to being valued at zero pursuant to § 506(b); and the debt should not be counted as an unsecured debt because Debtor's personal liability for the debt had been discharged in her prior chapter 7 case. On appeal, AMH contends that this conclusion was error because Debtor's discharge did not affect its lien and thus on the petition date, AMH had an in rem (secured) claim against the estate. Alternatively, AMH contends that the debt should have been included in the unsecured debt calculation as a claim against the estate, relying on Ninth Circuit chapter 12 eligibility cases and bankruptcy court chapter 13 cases. However, controlling authority does not support AMH's position.

The salient facts and eligibility issues presented in this appeal are virtually identical to those presented in this Panel's recent decision in Free v. Malaier (In re Free), 542 B.R. 492 (9th Cir. BAP 2015), which controls the outcome here. See People's Capital and Leasing Corp. v. Big3D, Inc. (In re Big3D, Inc.), 438 B.R. 214, 226 (9th Cir. BAP 2010) (noting that this Panel regards "precedents established in its prior published decisions as binding on the Panel absent changes in the Bankruptcy Code or controlling decisions by the Ninth Circuit Court of Appeals or United States Supreme Court").

In Free, this Panel held, as a matter of first impression, that debtors who had previously obtained a chapter 7 discharge of their personal liability for wholly unsecured junior liens against their residence were not required to include that debt as an unsecured debt for purposes of the chapter 13 eligibility

calculation. The Panel agreed with the analysis of In re Shenas, No. 11-41332 EDJ, 2011 WL 3236182 (Bankr. N.D. Cal. July 28, 2011). There, the bankruptcy court ruled, under similar facts, that because the unsecured portion of the debt was no longer enforceable against the debtor, it was not allowable as an unsecured claim in the chapter 13 case. As such, debtors did not owe any unsecured debt to the creditor for purposes of the unsecured debt limitation of § 109(e). In re Free, 542 B.R. at 496 (citing In re Shenas, 2011 WL 3236182, at *1).

The Panel in Free reasoned that its holding was not in conflict with Johnson v. Home State Bank, 501 U.S. 78 (1991), a case that has been cited in other eligibility cases to support the inclusion of wholly unsecured discharged debts in the eligibility calculation. See, e.g., In re Scotto-DiClemente, 463 B.R. 308 (Bankr. D.N.J. 2012), aff'd sub nom., In re DiClemente, 2012 WL 3314840 (D.N.J. Aug. 13, 2012). In Johnson, the Supreme Court held that a mortgage lien that secured an obligation for which a debtor's personal liability has been discharged in a chapter 7 liquidation was a claim subject to inclusion in an approved Chapter 13 reorganization plan. The Supreme Court observed that the term "debt" is defined as "liability on a claim" and is thus coextensive with the term "claim." Therefore, the Court concluded that the mortgage lien was a claim within the terms of § 101(5) because the mortgage lien holder retained a "right to payment" in the form of its right to the proceeds from the sale of the debtor's property. 501 U.S. at 84. Observing that "a bankruptcy discharge extinguishes only one mode of enforcing a claim--namely, an action against the debtor in

personam--while leaving intact another--namely, an action against the debtor in rem[,]" id., the Court held that the bankruptcy court must allow a claim "if it is enforceable against **either** the debtor **or** his property[,]" id. at 85 (emphasis in original).

Johnson was not an eligibility case, and the Panel in Free interpreted Johnson as deciding only whether an in rem claim for which personal liability has been discharged could properly be addressed in a chapter 13 plan, **not** whether such a claim needed to be included in the eligibility calculation. See In re Free, 542 B.R. at 497.

The Free Panel concluded:

> [W]e do not see how the purposes of a chapter 13 reorganization are met by counting the discharged unsecured obligations of the chapter 20 debtor in the eligibility calculation. Assuming the case is filed in good faith and proper chapter 13 purposes—such as curing an arrearage on a first mortgage or paying priority tax debt—are present, it makes no sense to include in the debt limit calculation a claim for which the right to payment has been discharged. Neither the Code nor case law compels inclusion of the discharged in personam liability in such calculation.

Id. at 501.

AMH acknowledges the holding of Free but argues that the debt must be included as a **secured** debt, an issue that Free did not analyze. Alternatively, AMH urges this Panel to disregard Free and hold that AMH's claim should be counted as unsecured.

**1.  The AMH debt should not be included in the eligibility calculation as a secured debt.**

AMH argues that when the in rem liability of a secured claim remains after the in personam liability is extinguished, the debt must be considered when evaluating the debt limitation

-9-

eligibility requirements under chapter 13, citing the chapter 12 eligibility cases of Quintana v. Internal Revenue Serv. (In re Quintana) (Quintana I), 107 B.R. 234 (9th Cir. BAP 1989), aff'd sub nom., Quintana v. Commissioner (In re Quintana) (Quintana II), 915 F.2d 513 (9th Cir. 1990); and Davis v. Bank of America (In re Davis) (Davis I), Nos. CC-11-1692-MkDKi, ND 11-10994-RR, 2012 WL 3205431 (9th Cir. BAP Aug. 3, 2012), aff'd sub nom., Davis v. U.S. Bank, N.A. (In re Davis) (Davis II), 778 F.3d 809 (9th Cir. 2015).

In the Quintana cases, a judgment creditor had agreed to waive any right to a deficiency judgment against the debtors after sale of the real property subject to its judgment lien. Debtors asserted that the creditor's waiver made the judgment a nonrecourse obligation and thus only the secured value of the judgment lien needed to be included toward the aggregate debt limit for a family farmer. The bankruptcy court disagreed; on appeal, this Panel held that because the term "aggregate debts" includes "all types of debts," and because the creditor retained a right to payment against the real property, the entire amount needed to be included in the eligibility calculation. Quintana I, 107 B.R. at 237. The Ninth Circuit Court of Appeals affirmed on somewhat narrower grounds, holding that because the property had not yet been sold, the waiver had no relevance to the calculation. Quintana II, 915 F.2d at 517.

In the Davis cases, the debtor had discharged her personal liability in a chapter 7 case. Although her secured debts exceeded the chapter 12 eligibility limit, the debtor argued that because her personal liability had been discharged, only the

aggregate debt secured by her real property had to be counted. The bankruptcy court disagreed. On appeal, the BAP, citing Quintana I and Quintana II, reasoned that the entire amount of the debt should be included because the full amount continued to be a claim against the collateral. On further appeal to the Ninth Circuit, that court held that the term "aggregate debts" in § 101(18)(A) included "the unsecured portion of a creditor's claim from which the debtor has been discharged in an earlier chapter 7 bankruptcy proceeding." Davis II, 778 F.3d at 812.

AMH interprets Davis II's holding that aggregate debts include the unsecured portion of a creditor's claim from which the debtor has been discharged in an earlier chapter 7 to mean that undersecured but discharged claims against property of the debtor must count towards the chapter 13 debt limits as a secured debt.

However, the Panel in Free expressly rejected reliance on these chapter 12 eligibility cases, finding that they were not controlling because they considered only the aggregate debt limit, and none of them addressed revival of discharged in personam liability. In re Free, 542 B.R. at 499.

AMH acknowledges that a debtor may avoid a partially or wholly unsecured lien in a chapter 13 but argues that § 109(e) limits the eligibility analysis to the petition date and that even if a debtor may be able to avoid an unsecured lien, the avoidance does not become final until the debtor receives a

-11-

discharge.[6]  However, this argument ignores Ninth Circuit authority that in making the eligibility determination, the court need not ignore circumstances that will permit the court to easily ascertain whether a debt should be classified as secured or unsecured, see In re Scovis, 249 F.3d at 983, and that the unsecured portion of undersecured debt is counted as unsecured for § 109(e) eligibility purposes, id.; In re Smith, 435 B.R. at 647-48.  As such, we see no basis for AMH's argument that its claim should be classified as secured for eligibility purposes, and AMH has cited no authority supporting such a conclusion.

**2.    The AMH debt should not be included in the eligibility calculation as an unsecured debt.**

Alternatively, AMH contends that the unsecured portion of its claim should be included as an unsecured debt in the eligibility calculation.  AMH asks this Panel to ignore Free and follow the holdings of In re Scotto-DiClemente, 463 B.R. 308; and In re Wimmer, 512 B.R. 498 (Bankr. S.D.N.Y. 2014).  In both of those cases, the bankruptcy courts applied the reasoning of Johnson (i.e., that if a claim is enforceable against either

---

[6]  In HSBC Bank USA, N.A. v. Blendheim (In re Blendheim), 803 F.3d 477, 497 (9th Cir. 2015), a case decided while this matter was pending in the bankruptcy court, the Ninth Circuit Court of Appeals held that a chapter 13 debtor may avoid the unsecured portion of a lien upon successful completion of a chapter 13 plan even if the debtor is not eligible for a discharge.

In footnote 9 of its opening brief, AMH acknowledges that the Ninth Circuit BAP has so held, citing Boukatch v. MidFirst Bank (In re Boukatch), 533 B.R. 292, 301 (9th Cir. BAP 2015).  In light of Blendheim and Boukatch, we construe AMH's argument to be that a lien avoidance is not final until the debtor successfully completes her plan.

-12-

debtor **or** debtor's property it may be provided for in a chapter 13 plan) to conclude that the unsecured portion of an in rem claim must be included in the chapter 13 eligibility calculation despite a prior chapter 7 discharge. In re Scotto-DiClemente, 463 B.R. at 311-14; In re Wimmer, 512 B.R. at 510-12.

AMH also cites various California bankruptcy court cases ruling that a chapter 20 debtor may not eliminate the unsecured portion of a lien-stripped claim for plan purposes. In re Hill, 440 B.R. 176, 178-84 (Bankr. S.D. Cal. 2010); In re Akram, 259 B.R. 371 (Bankr. C.D. Cal. 2001); In re Gounder, 266 B.R. 879 (Bankr. E.D. Cal. 2001). However, in addition to the fact that these authorities are not binding on this Panel, none of them involve eligibility determinations, and to apply their reasoning here would require us to ignore Free. We decline to do so.

Apparently recognizing that the relevant authorities are not in its favor, AMH argues that as a matter of policy, not including the discharged unsecured portion of a secured claim in a chapter 13 filed subsequent to a chapter 7 would destroy the rights of creditors holding undersecured claims and cause unnecessary litigation in chapter 7 bankruptcies: AMH contends that if creditors risk losing both their secured and unsecured claims by debtors who first file a chapter 7 to wipe out their in personam liability (while intending to then file a chapter 13 to wipe out the in rem liability), creditors will bring objections in every chapter 7 bankruptcy where their claim is undersecured in the form of an objection to the discharge of the in personam liability or a motion to dismiss the chapter 7 as a bad faith filing. At the same time, AMH argues, debtors would not be

seriously harmed because if their debts are over the chapter 13 eligibility limits they may file chapter 11 instead.

To be blunt, this argument is nonsensical. A secured creditor could not prevail on an objection to discharge or a motion to dismiss for bad faith in a chapter 7 case on grounds that a debtor **intended** to file a subsequent chapter 13 to eliminate the creditor's lien. AMH (and undoubtedly every other undersecured lien creditor) is unhappy that its entire claim may be eliminated through serial chapter 7 and chapter 13 filings, but binding precedent holds that in the absence of bad faith, there is no prohibition on doing so.

In sum, AMH has not presented any argument or authority that would warrant departure from our holding in <u>Free</u>. The bankruptcy court did not err in ruling that AMH's claim did not need to be included as either a secured or unsecured debt in calculating chapter 13 eligibility in this case.

**B.    The bankruptcy court did not err in overruling AMH's bad faith objection to confirmation.**

AMH argues that Debtor's bankruptcy petition was not filed in good faith because its sole purpose was to strip AMH's lien, pointing out that Debtor does not have significant unsecured claims or other issues that need to be dealt with in the chapter 13. AMH contends that permitting Debtor's case to proceed would permit her to improperly circumvent the rule that a lien may not be stripped in a chapter 7. <u>Dewsnup v. Timm</u>, 502 U.S. 410, 417 (1992).

To determine whether a chapter 13 case was filed in bad faith, the bankruptcy court should consider:

-14-

(1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his chapter 13 petition or plan in an inequitable manner;

(2) the debtor's history of filings and dismissals;

(3) whether the debtor only intended to defeat state court litigation; and

(4) whether egregious behavior is present. Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1224 (9th Cir. 1999).

The bankruptcy court declined to dismiss the case on bad faith grounds because controlling case law did not support the conclusion that a chapter 20 filing is per se bad faith. This observation is correct. See Johnson, 501 U.S. at 87; In re Blendheim, 803 F.3d at 500; In re Free, 542 B.R. at 501. AMH argues that the bankruptcy court failed to take into account the totality of the circumstances, but the record does not support this conclusion. And AMH points to nothing in the record to indicate that Debtor misrepresented facts, unfairly manipulated the Bankruptcy Code, filed her chapter 13 petition or plan in an inequitable manner, had a history of multiple bankruptcy filings, was attempting to defeat state court litigation, or exhibited egregious behavior. Therefore, we cannot conclude that the bankruptcy court erred in finding that Debtor's petition and plan were filed in good faith.

## CONCLUSION

For the reasons explained above, the bankruptcy court did not err in denying AMH's motion to dismiss on eligibility grounds, nor did it err in overruling AMH's objection to confirmation. Accordingly, we AFFIRM.